## No. 827
### CINCINNATI (City) v. ROGERS
Ohio Appeals, 1st District, Hamilton County
Decided January 9, 1922

To appear in Vol. 16, Appeals Reports.

**232A. LEASE.**

Of canal waters in Cincinnati, by the State, for milling purposes, gives no vested rights to lessees—Subsequent grant to the city stipulating for protection of water claimants, not obligatory—Contract of a rapid transit company to pay, is without consideration—And lacks authority to enter into.

OFFICIAL SYLLABUS.

The state leased to claimants for ninety-nine years, renewable forever, for milling purposes, the surplus water passing certain locks of the Miami canal within the city limits of Cincinnati, and later granted the city the right to use that portion of the canal for street and sewerage purposes on the condition that the city construct an aqueduct to carry off the surplus water, which the city did, and the same was used by the state for its purposes for a number of years. Subsequently the general assembly of Ohio passed an act authorizing the lease to the city of Cincinnati of another large portion of the canal within the city limits, for street, sewer, boulevard and subway purposes, and as part consideration for such lease the city was obligated to construct an outlet for the surplus water, at a point several miles north of the portion of the canal originally aban-

## OHIO COURTS OF APPEAL—Continued

doxed. This outlet carried the water in another direction, thus cutting off claimants' supply. Held:

1. Claimants, as against the city, acquired no vested right in the use of the surplus water in the canal, or in having it pass through the aqueduct.

2. The conditions in the act authorizing the lease, that the city should protect outstanding rights or claims, if any, and should construct an outlet for the surplus water of the canal, impose no obligation upon it to furnish surplus water to claimants.

3. A contract by which the city rapid transit commission agrees to pay to claimants certain sums of money in full settlement of their loss and damages due to diversion of the surplus water of the canal is withou consideration.

4. The rapid transit commission of the city, with power to "acquire by purchase or to appropriate" real estate, or easements therein, etc., "in the manner provided by law for the acquisition and appropriation of property by municipal corporations," has no authority to enter into such a contract of settlement.